### STATE v. VERNON (BUSTER) CODY.

(Filed 20 September, 1944.)

**1. Judgments § 17b: Criminal Law §§ 54b, 60—**

The rule, both in civil and criminal actions, is that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court.

**2. Criminal Law § 54b—**

Where an indictment contains several counts and the evidence applies to one or more, but not to all, a general verdict will be presumed to have been returned on the count or counts to which the evidence relates.

**3. Criminal Law §§ 60, 85—**

A judgment in a criminal prosecution, in excess of the statutory penalty, will be stricken out on appeal, and the cause remanded for proper judgment.

APPEAL by defendant from *Nettles, J.,* at May-June Term, 1944, of MADISON.

Criminal prosecution tried upon indictment charging the defendant with (1) reckless driving, and (2) assault with a deadly weapon, to wit, an automobile, with intent to kill.

Verdict: Guilty.

Judgment: Eight months in county jail to be assigned to work the roads under supervision of the State Highway and Public Works Commission.

The defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*George M. Pritchard for defendant.*

STACY, C. J.   This is a companion case to *S. v. Ogle,* herewith decided, the two having been consolidated for trial, as they arise out of the same transaction, and were heard together on appeal. To avoid repetition, reference is made to the *Ogle case* for statement of the facts.

The case against Cody readily survives the demurrer. He was in position to appreciate the danger of his negligent driving. As to him

the case was properly submitted to the jury. *S. v. Wilson,* 218 N. C., 769, 12 S. E. (2d), 654.

The defendant contends, however, that the general verdict of "guilty," without specifying the count, is too indefinite to support a judgment. The second count in the bill seems to have been disregarded on the hearing. The case was tried on the first count alone. It is the rule with us, both in civil and criminal actions, that a verdict may be given significance and correctly interpreted by reference to the pleadings, the facts in evidence, admissions of the parties, and the charge of the court. *S. v. Whitley,* 208 N. C., 661, 182 S. E., 338; *S. v. Jones,* 211 N. C., 735, 190 S. E., 733; *S. v. Morris,* 215 N. C., 552, 2 S. E. (2d), 554; *S. v. Bentley,* 223 N. C., 563, 27 S. E. (2d), 738. And further, "where the indictment contains several counts, and the evidence applies to one or more, but not to all, a general verdict will be presumed to have been returned on the count or counts to which the evidence relates." *S. v. Snipes,* 185 N. C., 743, 117 S. E., 500. It is clear from the record that the verdict speaks of the first count only. *S. v. Morris, supra.*

For the first offense of reckless driving the allowable penalty is not more than six months imprisonment, or a fine of not more than $500. G. S., 20-180. It may be more for a second or subsequent conviction, but there is no evidence of a former conviction here. Hence, the judgment is in excess of the statutory limit. It will be stricken out and the cause remanded for proper judgment.

Error and remanded.