### STATE v. RALPH DOUGLAS BYERS.

(Filed 24 September, 1958.)

**Criminal Law § 131—**

> Upon *certiorari* to review sentences imposed upon defendant, it appearing that but a single sentence was imposed upon several consolidated indictments, that the sentence was in excess of the maximum for such offense, and that sentences upon other indictments were made to begin at the expiration of the first sentence, the cases are remanded for proper judgments under authority of *S. v. Austin*, 241 N.C. 548.

PARKER, J., took no part in the consideration or decision of this case.

*Certiorari* upon petition of defendant Ralph Douglas Byers to review sentences imposed upon him in Superior Court of Davidson County at August Term 1955, contending only that the sentences were excessive.

The Attorney General of the State of North Carolina answering the above petition, sets forth these facts, supported by certified copies of warrants, bills of indictment, and judgments of the court, pertinent thereto, as follows:

1. That the defendant, Ralph Douglas Byers, was apprehended, indicted, brought to trial, convicted and sentenced by the Superior Court of Forsyth County, July Term 1955, to a term of not less than 15 nor more than 18 years in the State's Prison in cases Nos. 9938, 9939 and 9940, consolidated for judgment, upon a plea of guilty to

three charges of robbery with firearms, and to a term of not less than three nor more than 5 years in the State's Prison in cases Nos. 9941, 9942, 9943 and 9944, consolidated for judgment, to run consecutively with the sentence imposed in the consolidated cases of Nos. 9938, 9939 and 9940, upon a plea of guilty to three charges of larceny, receiving, and store breaking. And in accordance therewith commitments were issued by the Deputy Clerk of Superior Court of Forsyth County on the 29th day of July, 1955.

2. That the defendant, Ralph Douglas Byers, was further apprehended, indicted, brought to trial, convicted and sentenced by the Superior Court of Davidson County, August Term, 1955, to a term of not less than 10 nor more than 12 years in the State's Prison in cases Nos. 7491, 7492 and 7493, consolidated for judgment, upon a plea of guilty to three charges of auto theft at the expiration of the sentence in the cases Nos. 9941, 9942, 9943 and 9944, consolidated for judgment, in the Superior Court of Forsyth County as above set forth, and to a term of not less than 10 nor more than 12 years in the State's Prison in cases Nos. 7494 and 7495, consolidated for judgment, to begin at the expiration of the sentence imposed in cases Nos. 7491, 7492 and 7493 of the Superior Court of Davidson County, upon a plea of guilty to two charges of robbery with firearms. And commitments to the State's Prison were issued by the Assistant Clerk of the Superior Court of Davidson County on the 25th day of August, 1955.

3. The defendant is not questioning the legality of his trial and conviction upon any of the charges hereinabove set forth. But the contention is that the sentence of not less than 10 nor more than 12 years imposed in the consolidated cases of Nos. 7491, 7492 and 7493 of the Superior Court of Davidson County is excessive in that the maximum term of imprisonment on the charges of larceny of an automobile is 10 years. G.S. 14-70. And, hence, the beginning of the indeterminate sentence in the consolidated cases Nos. 7494 and 7495 of the Superior Court of Davidson County, is indefinite.

PER CURIAM. In the light of the above recitation of the record, the cases will be remanded to the Superior Court of Davidson County to the end that proper judgments in each of the two consolidated cases may be entered under the authority of, and in conformity with decision in S. v. Austin, 241 N.C. 548, 85 S.E. 2d, 924.

Remanded.

PARKER, J., took no part in the consideration or decision of this case.