STATE *v.* CLENDON.

PARKER AND RODMAN, JJ., took no part in the consideration or decision of this case.

STATE v. JAMES C. CLENDON.

(Filed 8 October, 1958.)

**1. Criminal Law § 131:    Habeas Corpus § 2—**

Where bills of indictment for offenses each carrying a maximum imprisonment of ten years are consolidated for judgment, G.S. 14-70, G.S. 14-54, and only one judgment is entered thereon, sentence in excess of ten years is unwarranted, but is not void, and when defendant has not served that part of the sentence which is within lawful limits, he is not entitled to his discharge.

**2. Criminal Law §§ 133, 169—**

Where sentence having a maximum in excess of that allowed by law is entered and thereafter sentence for another offense is imposed to begin at the expiration of the previous sentence, the cause will be remanded for proper sentence in the first prosecution, giving defendant the benefit of the time already served, and then remanded to the superior court of the county in which the second sentence was entered for the imposition of sentence to begin at the expiration of the first.

*Certiorari* upon petition of James C. Clendon to review prison sentences imposed at the October 1953 Term of the Superior Court of Madison County and the March 1958 Term of the Superior Court of CURRITUCK County.

The petition, answer of the Attorney General, and certified copies of the records of the Superior Courts of Madison and Currituck Counties attached to and made a part of the answer of the Attorney General establish these facts:

At the February 1953 Term of Madison Superior Court defendant was charged in a bill of indictment with larceny of property of a value of $400. Another count in the bill charged him with breaking and entering. Defendant in open court entered a plea of guilty to each count. The counts were consolidated for the purpose of judgment. Whereupon the court entered judgment "that the defendant be confined in the State's prison at hard labor for a period of not less than 9 nor more than 15 years." Pursuant to this judgment commitment issued 23 February 1953. He is presently confined pursuant to this commitment.

At the March 1958 Term of Currituck Superior Court defendant was charged in a bill of indictment with an escape from the Maple Prison Camp of the State Prison System where he was then serving

a sentence imposed upon a conviction of a felony. Upon trial had on defendant's plea of not guilty, the jury returned a verdict of guilty, whereupon judgment was rendered "that the defendant be imprisoned in the State's Prison for the term of two years, to begin at the expiration of the 9-15 year sentence prisoner is now serving."

Petitioner applied to Judge Clarkson of the Superior Court for a writ of habeas corpus, asserting in his petition his right to his discharge substantially on the facts as stated above. Judge Clarkson, by order dated 28 June 1958, denied the prayer without prejudice to prisoner's right to seek relief by application for *certiorari* addressed to this Court.

*Attorney General Seawell and Assistant Attorney General Bruton, for the State.*

PER CURIAM. The prayer of petitioner is that this Court review the record and "issue an order directing that petitioner be discharged from custody."

The sentence imposed in Madison County is, as to the minimum time the prisoner is to serve, within the limits permitted by statute; but the maximum term set is beyond statutory authorization. G.S. 14-70, G.S. 14-54. The sentence imposed is not void *in toto.* Petitioner is not entitled to be released from custody. He has not served that part of the sentence which is within lawful limits. Habeas corpus is, as Judge Clarkson held, not an appropriate means of correcting the errors of which prisoner can justly complain. *S. v. Austin,* 241 N.C. 548, 85 S.E. 2d 924; *S. v. Byers,* 248 N.C. 744. *Certiorari* is the proper method to have the judgment corrected.

The cause is remanded to the Superior Court of Madison County for imposition of a sentence not in excess of statutory authorization based on defendant's plea of guilty. The sentence imposed will be effective as of 23 February 1953 so that prisoner will have the benefit of the time already served.

Vacating the sentence imposed in Madison County in 1953 makes uncertain the time when the sentence imposed in Currituck is to begin. Upon the imposition of an authorized sentence in Madison County the cause will then be remanded to Currituck for imposition of an appropriate sentence based on the verdict of guilty rendered at the March 1958 Term of the Superior Court of Currituck County.

Remanded.