STATE *v.* FAIN.

---

## STATE v. WILLIAM FAIN.

(Filed 15 April, 1959.)

**1. Larceny § 10—**

A sentence of not less than twelve and not more than fifteen years upon conviction of defendant of storebreaking and larceny of property of a value of more than $100, is in excess of that allowed by statute, G.S. 14-70, the maximum punishment being imprisonment for not more than ten years.

**2. Criminal Law §§ 149, 169—**

Where it appears on *certiorari* that defendant's sentence is excessive, both as to its maximum and its minimum, but that defendant has not served for a period in excess of that to which he might have been lawfully sentenced, the cause must be remanded for the imposition of a

sentence not in excess of that authorized by law, and the defendant having been subsequently sentenced for escape with provision that the sentence should begin at the expiration of the prior sentence, the cause must then be remanded to the county in which the second sentence was imposed for appropriate sentence to begin at the expiration of the first.

CERTIORARI upon petition of William Fain to review prison sentences imposed at the February-March Term 1957 of the Superior Court of Gaston County and the July Term 1958 of the Superior Court of Stanly County. From GASTON.

The petition, answer of the Attorney General, and certified copies of the records of the Superior Courts of Gaston and Stanly Counties attached to and made a part of the answer of the Attorney General establish these facts:

At the February-March Term 1957 of Gaston Superior Court defendant was charged in a bill of indictment with storebreaking and larceny of property of a value of more than $100.00. Another count in the bill of indictment charged him with receiving stolen goods. Defendant in open court entered a plea of not guilty to the charge of breaking, entering, and larceny. He apparently was not tried on the other count. Upon the jury verdict of guilty, the court entered judgment "that the defendant be confined in the State's Prison at Raleigh at hard labor for a term of not less than twelve years nor more than fifteen years." Pursuant to the foregoing judgment commitment was issued 13 April 1957. He is presently confined pursuant to this commitment.

At the July Term 1958 of Stanly Superior Court defendant was charged in a bill of indictment with an escape. Defendant entered a plea of guilty, whereupon the court entered judgment "that the defendant be imprisoned in the County jail for the term of 6 months and assigned to work under the supervision of the State Prison Department," the "sentence to run at the expiration of the sentence he is now serving."

Defendant applied to Judge Clarkson for a writ of *habeas corpus*, asserting in his petition that he was entitled to his discharge on the facts as stated above. Judge Clarkson, by order dated 18 December 1958, denied the prayer without prejudice to prisoner's right to seek relief by application for *certiorari* to this Court.

*Attorney General Seawell, Assistant Attorney General Bruton for the State.*

*Defendant in propria persona.*

PER CURIAM.　The defendant prays this Court for review of the records and for his discharge from custody.

The sentence of not less than twelve years and not more than fifteen years, imposed in Gaston County in 1957, is excessive. The applicable statute, G.S. 14-70, provides for punishment of not less than four months nor more than ten years. Consequently, the sentence is excessive both as to its maximum and its minimum. Even so, the defendant is not entitled to his discharge since he has not served for a period in excess of that to which he might have been lawfully sentenced. *S. v. Austin,* 241 N.C. 548, 85 S.E. 2d 924; *S. v. Byers,* 248 N.C. 744, 105 S.E. 2d 71.

This cause is remanded to Gaston County for the imposition of a sentence not in excess of that authorized by law. The sentence imposed will be effective as of 13 April 1957, so that the defendant will have the benefit of the time already served. *S. v. Clendon,* 249 N.C. 44, 105 S.E. 2d 93.

Since the sentence imposed in Gaston County in 1957 will be vacated, this will make uncertain the time the sentence imposed in Stanly County is to begin; therefore, upon the imposition of the authorized sentence in Gaston County the cause will then be remanded to Stanly County for imposition of an appropriate sentence based on the defendant's plea of guilty on the bill of indictment charging him with an escape at the July Term 1958 of the Superior Court of Stanly County. *S. v. Clendon, supra.*

Remanded.