## 17544

Frank COPELAND. Appellant, v. W. M. MANNING, Warden *et al..* Respondents

(109 S. E. (2d) 361)

*Frank Copeland,* of Columbia, *in pro personam,*

Messrs. *Daniel R. McLeod, Attorney General,* and *James S. Verner, Assistant Attorney General,* of Columbia, *for Respondent,*

June 10, 1959.

OXNER, Justice.

This is an appeal from an order of Judge Griffith denying a petition by appellant for a writ of habeas corpus.

At the February, 1954, term of the Court of General Sessions of Laurens County, appellant and one James Dean were jointly indicted in separate counts for (1) breaking and entering a store with intent to commit larceny, and (2) grand larceny. At the same term of court appellant alone was indicted, in separate counts in the same indictment, for (1) breaking and entering another store with intent to commit larceny, and (2) grand larceny. The offenses charged in the first indictment were committed on December 15, 1953 and those named in the second indictment two days later. Both Dean and appellant pleaded guilty. On the first indictment appellant was sentenced by Judge Lewis, the presiding Judge, to imprisonment for a term of 12 years and his co-defendant Dean for a term of 5 years. On the second indictment appellant was sentenced to imprisonment by Judge Lewis for a term of 12 years, to run concurrently with that

imposed on the first indictment. Appellant forthwith entered upon the services of the foregoing sentences. In 1957 he escaped but was recaptured.

In May, 1958, appellant filed with Judge Griffith a petition for a writ of habeas corpus and sought to be discharged upon the grounds (1) that the two charges in each indictment under which he was sentenced in fact constituted only one offense and that the sentence imposed was in excess of · that permitted by law, and (2) that even if each indictment be regarded as charging two separate offenses, it was error to impose a sentence in gross exceeding that which could have been validly given upon any one count. In an order filed on May 17, 1958, Judge Griffith, after pointing out that appellant could have been given a sentence up to 15 years on each indictment—5 years on the first count and 10 years on the second count, said he thought Judge Lewis "intended to impose a sentence of 12 years, part of which would be on the housebreaking charge and part on the grand larceny charge, without specifying what portion he intended should apply to these offenses." He then stated that out of an abundance of caution he "was going to hold, as the petitioner claims, that the sentences on these indictments are void and that the defendant will have to be resentenced." Accordingly, he declared the sentences imposed by Judge Lewis void and directed that appellant be transferred to the Laurens County jail to be resentenced during the June, 1958, term of court.

Pursuant to the terms of the foregoing order, appellant was brought before Judge Griffith, the presiding Judge, at the June, 1958, term of the Court of General Sessions for Laurens County, and resentenced. Judge Griffith imposed a sentence of six years on each indictment, to run consecutively, and directed that appellant be given credit for the time served under the sentences which had been declared void.

At the September, 1958, term of the Court of General Sessions for Laurens County, appellant pleaded guilty to an

indictment charging him with escaping from custody in 1957, Judge Bussey, the presiding Judge, imposed a sentence of 15 months to commence after the service of the two 6-year sentences imposed by Judge Griffith.

In November, 1958, appellant filed a second petition for a writ of habeas corpus in which he attacked the validity of the sentences imposed by Judge Griffith upon substantially the same grounds as those used in the attack upon the validity of the sentences by Judge Lewis. He further claimed in this petition that the sentence for escape imposed by Judge Bussey was also void because he was being illegally detained at the time of the alleged escape. Judge Griffith held in an order filed on January 26, 1959, that the sentences which had been imposed by him were valid and that it was premature to consider the validity of the sentence imposed by Judge Bussey as appellant had not yet entered upon the service of that sentence.

Appearing *pro se,* appellant has appealed from the last mentioned order by Judge Griffith. There has been no appeal from any of the prior orders, nor from any of the sentences imposed. While some of the exceptions do not comply with the rules of this Court, making it difficult to determine the exact points sought to be raised, we shall pass upon all questions mentioned in argument, whether properly raised or not.

There is no merit in appellant's claim that each indictment, while containing two counts, in reality charged only one crime. The first count charged him with breaking and entering a store with intent to steal. This is a statutory offense, Section 16-332 of the 1952 Code, punishable by imprisonment for a term not exceeding five years. It is a crime against possession. The second count charged grand larceny—a common law offense for which a sentence up to 10 years may be imposed. The two are distinct offenses for which separate sentences may be imposed. *Macomber v. Hudspeth,* 10 Cir., 115 F. (2d) 114; *Robinson v. Commonwealth,* 190 Va. 134, 56 S. E. (2d) 367; 9 Am. Jur., Burglary, Section 83. The indictments here were in

accord with the established practice in this State. *State v. Miller,* 225 S. C. 21, 80 S. E. (2d) 354; *State v. Teal,* 225 S. C. 472, 82 S. E. (2d) 787.

Having concluded that appellant was subject to punishment for both offenses, we now turn to the sentence of 12 years on each indictment imposed by Judge Lewis. Neither of these sentences was void. Each was well within the maximum period of 15 years for which appellant might have been sentenced on each indictment, if the sentence had been on the separate counts. The error, if any, was not jurisdictional and manifestly went to form and not to substance. *Ex Parte Klugh,* 132 S. C. 199, 128 S. E. 882, 887. In the *Klugh case* the defendant was found guilty on an indictment charging in separate counts three violations of the liquor law. Under the statute the maximum punishment for each offense was one year. The trial Judge imposed a sentence in gross of three years. After serving about 16 months, defendant sought release by habeas corpus, contending that so much of the sentence as exceeded one year was void. In refusing to discharge him, the Court said:

"We are clearly of the opinion that, since the period of imprisonment to which this petitioner was sentenced by the County Court was not in excess of the punishment which the Court had power to inflict in the case made against him, the imposition of the sentence in gross involved no such jurisdictional error as may soundly be held to nullify the sentence in whole or in part. As that sentence may not be pronounced void, the petitioner is not entitled to his discharge on habeas corpus."

Evidently Judge Griffith entertained the view above expressed but concluded to resolve any doubt thereabout in favor of appellant and hold the sentences void as contended by him. Having done so, he properly directed that he be resentenced. As previously pointed out, this was done and Judge Griffith imposed a sentence in gross of six years on each indictment, to run consecutively.

We next consider the validity of the sentences imposed by Judge Griffith. Some courts, while stating that where there are several counts in an indictment the better practice is for the trial Judge to separately assess the punishment on each count, nevertheless, hold that a single sentence for all the offenses may be given as long as it does not exceed the aggregate of sentences which might be separately imposed. *Ross v. Hudspeth,* 10 Cir., 108 F. (2d) 628; *Neely v. United States,* 4 Cir., 2 F. (2d) 849; *Marlette v. United States,* 4 Cir., 249 F. (2d) 95. In a few jurisdictions the view is taken that under these circumstances the trial Judge may not impose a sentence in gross in excess of the greatest penalty applicable to any of the counts upon which there has been a conviction or plea of guilty. *State v. Austin,* 241 N. C. 548, 85 S. E. (2d) 924; 15 Am. Jur., Criminal Law, Section 451. Under either of the foregoing views the sentences of Judge Griffith were proper. On each indictment the sentence was four years less than could have been imposed on the count charging grand larceny alone.

There remains for consideration appellant's claim that the sentence for escape was invalid because he escaped at a time when he was unlawfully confined under a void sentence. Judge Griffith concluded that this question was prematurely raised and did not pass upon it. In order that appellant may be fully advised as to the length of time he is required to serve, we think that we should go ahead and decide the question.

The statute, Section 55-6 of the 1952 Code, makes it a misdemeanor "for any person, being lawfully confined in any prison or upon the public works of any county or while in the custody of any superintendent, guard or officer, to escape therefrom." When appellant escaped he was serving the sentences imposed by Judge Lewis on two indictments to which he had pleaded guilty. Although Judge Griffith later held that these sentences were void, he did not discharge appellant or hold that he was entitled to be discharged but directed that he be resentenced. He then stood

in the position of a defendant who had pleaded guilty and was awaiting sentence. Appellant was in lawful custody when he escaped and the sentence for this offense is valid. In *Tann v. Commonwealth,* 190 Va. 154, 56 S. E. (2d) 47, 49, the Court said:

"A prisoner in a penal institution under commitment by a court of competent jurisdiction may not defy his guards and run away. Attempts to escape from such institutions are forbidden to all inmates. If they consider their confinement improper they are bound to take other means to test the question.

\* \* \*

"When a prisoner is held in legal custody and commits an escape, the crime itself does not depend upon whether he would have been adjudged guilty or innocent of the original offense had the proper procedure for appeal been followed. Under the same conditions, and for the same reasons, the crime does not depend upon whether it may or may not be determined in a future habeas corpus proceeding that his original conviction was void for defects in the judgment of conviction by a court of competent jurisdiction."

Also, see *Bayless v. United States,* 9 Cir., 141 F. (2d) 578; *State v. Fain,* 250 N. C. 117, 108 S. E. (2d) 68.

The order of the Court below refusing to discharge appellant is affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.