STATE OF NORTH CAROLINA v. STEVEN ANTHONY PUCKETT

No. 7921SC381

(Filed 6 November 1979)

1. **Burglary and Unlawful Breakings § 9— stepladder—acetylene torch—no housebreaking implements**

   A three foot long stepladder and an acetylene torch possessed by defendant were not reasonably adapted for use in housebreaking and did not qualify as implements of housebreaking within the meaning of G.S. 14-55, and the fact that the ladder and torch were possessed and used by defendant in breaking open a window in a building was not determinative of the question.

2. **Escape § 1— juvenile detention center not prison, jail or lockup—aiding in escape—crime not charged**

   A juvenile detention home or center is not a "prison, jail or lockup" within the meaning of G.S. 14-256, which provides that escape from such a place is a misdemeanor; therefore, the warrant and the evidence failed to support the verdict and judgment on the charge of aiding and abetting a juvenile to escape from a detention center in violation of G.S. 14-256.

APPEAL by defendant from *Wood, Judge.* Judgment entered 30 November 1978 in Superior Court, FORSYTH County. Heard in the Court of Appeals 28 August 1979.

Defendant entered pleas of not guilty to: (1) the misdemeanor charge of breaking into the Forsyth County Youth Detention Center; (2) the misdemeanor charge of aiding and abetting escape in violation of G.S. 14-256; and (3) the felony charge of possession of housebreaking implements, to wit: "an acetylene torch mounted on a wheeled stand, and a stepladder . . . ." Defendant appeals from judgments imposing imprisonment.

STATE'S EVIDENCE

On 18 March 1978 Cathy C., under 16 years of age, was being held at the Forsyth County Detention Center under an order of the District Court. At night she was confined in a small room with a single window covered with a one-fourth inch thick metal screen. The window was seven and one-half to eight feet above ground level. The door to the room was locked from the outside.

During the afternoon of 17 March defendant, 24 years of age, came to the Center and talked through the room window to Cathy C. and two other inmates, telling them that he would return that night and help them escape.

In the early hours of 18 March defendant came to the window of Cathy C.'s room with "a big torch with big tanks on a stand," and a ladder about two and one-half or three feet long. The heavy mesh screen was cut with the torch. Cathy C. climbed out of the window and left with defendant in an automobile. About daylight it was discovered that Cathy C. was missing from her room. The torch stand and ladder were found on the ground under her room window.

## DEFENDANT'S EVIDENCE

Defendant offered numerous alibi witnesses. Their testimony tended to show that defendant was at a party at the time of the escape.

Defendant was found guilty as charged. He appeals from the judgment in the felony case (78CR23394) imposing a prison term of ten years and from the consolidated judgment in the misdemeanor cases imposing a sentence of two years to run at the expiration of the felony sentence.

*Attorney General Edmisten by Associate Attorney David Gordon for the State.*

*Stephens, Peed & Brown by Herman L. Stephens for defendant appellant.*

CLARK, Judge.

[1] We elect to consider first the defendant's contention that the felony charge should have been dismissed because the acetylene torch and ladder were not "implements of housebreaking" possessed in violation of G.S. 14-55.

This statute, in pertinent part, provides: "If any person . . . shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking . . . such person shall be guilty of a felony . . . ." G.S. 14-55 (1979) (prior to amendment concerning sentencing, 1979 N.C. Sess. Laws, c. 760, sec. 5).

Since neither an acetylene torch nor a ladder is enumerated in the statute, the question is whether the torch or ladder, singly or in combination, are implements of housebreaking within the meaning of G.S. 14-55.

The stepladder was two and one-half to three feet long. The acetylene torch was "a big torch with big tanks on a stand," as described by Deputy Sheriff Young. The indictment alleged that the torch was "mounted on a wheeled stand." The fact that the ladder and torch were possessed and used by the defendant in breaking open a window in a building is not determinative of the question. The use to which a tool or instrument is put is not necessarily controlling in determining whether it is within the intent of the phrase "or other implement of housebreaking" as contained in G.S. 14-55. *State v. Garrett,* 263 N.C. 773, 140 S.E. 2d 315 (1965); *State v. Godwin,* 3 N.C. App. 55, 58, 164 S.E. 2d 86 (1968).

The defendant contends that the term "other implements of housebreaking" in G.S. 14-55 is unconstitutionally vague. The Supreme Court of North Carolina has established that "other implements of housebreaking" include those made and designed for housebreaking purposes, or those commonly used for housebreaking, or those reasonably adapted for use in housebreaking. *State v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456 (1943). *See generally,* Annot. Validity, Construction, and Application of Statutes Relating to Burglars' Tools, 33 A.L.R. 3d 798 (1970). This interpretation of the somewhat vague statutory language adds little to the certainty of the crime defined in G.S. 14-55. Nor have the appellate courts of the State in applying this law to various tools and implements established a pattern so as to clarify the crime. *See,* 2 Strong's N.C. Index 3d Burglary § 10.3. Some of the apparently conflicting decisions can be reconciled by variances in the evidence relating to possession "without just excuse," another element of the statutory crime. *State v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898 (1946); *State v. Boyd, supra; State v. Stockton,* 13 N.C. App. 287, 185 S.E. 2d 459 (1971); *State v. Shore,* 10 N.C. App. 75, 178 S.E. 2d 22 (1970), *cert. denied,* 278 N.C. 105, 179 S.E. 2d 453 (1971). For an analysis and discussion of the above and other cases see the recent opinion, *State v. Bagley,* No. 7914SC398 (Filed 2 October 1979).

The ladder was unusual in that it was only three feet in length. The acetylene torch was not a small portable hand tool; were it small, the torch might well qualify as a tool reasonably adapted for use in cutting and opening safes or metal boxes used for the safekeeping of money, jewelry, and other valuables. But

the acetylene torch possessed by the defendant was a large torch with tanks mounted on a wheeled stand. Neither the ladder nor the acetylene torch possessed by the defendant was reasonably adapted for use in housebreaking and they do not qualify as implements of housebreaking within the meaning of G.S. 14-55. Having reached this conclusion, we do not reach the question of unconstitutional vagueness.

[2] Defendant next assigns as error the failure to dismiss the charge of aiding and abetting Cathy C.'s escape in violation of G.S. 14-256. This statute provides:

"If any person shall break any prison, jail or lockup maintained by any county or municipality in North Carolina, being lawfully confined therein, or shall escape from the lawful custody of any superintendent, guard or officer of such prison, jail or lockup, he shall be guilty of a misdemeanor."

The Forsyth County Youth Detention Center is a regional detention home. See G.S. 134A-37. Clearly it is the public policy of this State, as expressed in the statutes relating to detention or custodial care of juveniles, that juveniles have a special status apart from adults who are either detained in a jail awaiting trial or confined in a jail or prison pursuant to judgment following conviction. G.S. 7A-286(3) allows temporary detention in a "local jail" only when "no juvenile detention home" is available. G.S. 110-24 makes it unlawful to place a juvenile in "any jail, prison or other penal institution" except a "jail with a holdover facility for juveniles [which has been] approved by the Department of Human Resources." We note that G.S. 7A-286(3) and G.S. 110-24 have been repealed; similar provisions, however, have been provided in sections 7A-507(1)(16), 7A-536, and 7A-541(2), (3) of the New Unified Juvenile Criminal Code, 1979 N.C. Adv. Legis. Serv. c. 815.

It is also significant that there is a separate statute covering the aiding and abetting of a child to escape from such an institution. G.S. 134A-25 provides:

"It shall be unlawful for any person to aid, harbor, conceal or assist any child escape from an institution or youth services program. Any person who renders said assistance to a child shall be guilty of a misdemeanor."

We conclude that a juvenile detention home or center is not a "prison, jail, or lockup" within the meaning of G.S. 14-256, as the warrant charges in the case *sub judice.* The warrant and the evidence fail to support the verdict and judgment on the charge of aiding and abetting Cathy C. to escape in violation of G.S. 14-256. If the defendant had been charged with a violation of G.S. 134A-25 the evidence would have been sufficient to support a conviction of that offense.

We have carefully examined defendant's other assignments of error and find them to be without merit. We find no error relative to the charge of breaking or entering (78CR23393).

The judgment imposed for possession of housebreaking implements (78CR23394) is vacated. That part of the consolidated judgment for aiding in escape (78CR16781) is also vacated, but the misdemeanor breaking or entering judgment (78CR23393) is upheld and supports said judgment providing imprisonment for two years. However, that part of the judgment providing that the sentence shall begin to run upon the expiration of the sentence imposed in 78CR23394 is deleted, and it is ordered that the term of imprisonment therein imposed begin to run from the date the consolidated judgment was entered.

Reversed in part; no error in part.

Judges MARTIN (Robert M.) and WEBB concur.