STATE v. WARE

[173 N.C. App. 434 (2005)]

———————————

STATE OF NORTH CAROLINA v. JOHNNIE A. WARE

No. COA04-1203

(Filed 20 September 2005)

**Juveniles— committed youthful offender—consecutive sentences—total exceeding twenty years**

  N.C.G.S. § 148-49.14 (now repealed) does not prohibit the imposition of separate consecutive sentences for a committed youthful offender which do not exceed twenty years respectively. The trial court here correctly denied a motion for appropriate relief that challenged consecutive sentences for multiple offenses as exceeding twenty years in total.

Appeal by defendant from an order entered 30 April 2002 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 April 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Thomas H. Moore, for the State.*

*Reita P. Pendry for defendant-appellant.*

HUNTER, Judge.

Johnnie A. Ware ("defendant") appeals a denial of a motion for appropriate relief from two sentences entered 26 March 1996 pursuant to a plea agreement as to charges of robbery with a dangerous weapon, safecracking, breaking and entering, larceny, second degree kidnapping, and assault with a deadly weapon.

On 19 March 1994, defendant, seventeen at that time, was involved in a series of criminal acts for which he was indicted on 23 May 1994, including robbery with a dangerous weapon, safecracking, felonious breaking and entering, two counts of first degree kidnapping, one count of second degree kidnapping, and assault with a deadly weapon with intent to kill inflicting serious injury. Defendant pled guilty to the charges of robbery with a dangerous weapon, safecracking, felonious breaking and entering, second degree kidnapping, and assault with a deadly weapon inflicting serious injury in exchange for consolidation of the robbery, safecracking, breaking and entering, and larceny charges for a term of twenty years as a committed youthful offender, consolidation of the second degree kidnapping and assault charges for a term of fifteen years as a committed youthful offender, and dismissal of the additional charges. The trial court accepted the plea and sentenced defendant, as specified in the plea agreement, to two consolidated terms of twenty years and fifteen years respectively, and further indicated that defendant should serve both as a committed youthful offender pursuant to Chapter 148, Article 3B.

On 15 November 2001, defendant moved for appropriate relief, contending that N.C. Gen. Stat. § 148-49.14 (repealed 1993) (repeal effective 1 October 1994) required that a sentence under that act should "not . . . exceed the limit otherwise prescribed by law for the offense of which the person is convicted or 20 years, whichever is less[,]" and that his sentences exceeded that amount. The trial court denied defendant's motion. Defendant filed a petition for writ of certiorari in this Court, which was allowed on 26 March 2003.

Defendant contends in his sole assignment of error that the trial court erred in denying his motion for appropriate relief as the consecutive sentences imposed under the plea bargain agreement violated N.C. Gen. Stat. § 148-49.14, governing sentences of committed youthful offenders at the time of defendant's convictions. Defendant contends the language of the statute prohibits the imposition of sentences under section 148-49.14, which exceed twenty years in their

totality. It appears this is a question of first impression for our courts. We therefore begin with an examination of the statute.

"Statutory interpretation properly begins with an examination of the plain words of the statute. The legislative purpose of a statute is first ascertained by examining the statute's plain language." *Correll v. Division of Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992) (citation omitted). " 'When the language of a statute is clear and unambiguous, there is not room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *State v. Carr*, 145 N.C. App. 335, 343, 549 S.E.2d 897, 902 (2001) (citations omitted).

N.C. Gen. Stat. § 148-49.14 provided for sentencing of individuals below the age of twenty-one determined to be committed youthful offenders. The statute stated:

> As an alternative to a sentence of imprisonment as is otherwise provided by law, when a person under 21 years of age is convicted of an offense punishable by imprisonment and the court does not suspend the imposition or execution of sentence and place him on probation, the court may sentence such person to the custody of the Secretary of Correction for treatment and supervision as a committed youthful offender. . . . At the time of commitment the court shall fix a maximum term not to exceed the limit otherwise prescribed by law for the offense of which the person is convicted or 20 years, whichever is less. . . . If the court shall find that a person under 21 years of age should not obtain the benefit of release under G.S. 148-49.15, it shall make such "no benefit" finding on the record.

*Id.* Thus the critical portion of the statute contested by defendant is the requirement that the court must fix a maximum term for the offense of which the person is convicted which does not exceed twenty years. Defendant appears to argue that the term offense should be read to encompass all crimes for which defendant is indicted and convicted as a whole, and contends that federal jurisprudence on the Federal Youth Corrections Act is persuasive on this point. *See Price v. United States*, 384 F.2d 650, 652 (10th Cir. 1967) (stating that when a defendant is sentenced as a youth offender, cumulative or consecutive sentences on several counts would not fit the design and purpose of the Federal Youth Corrections Act).

A review of N.C. Gen. Stat. § 148-49, Article 3B, Facilities and Programs for Youthful Offenders, the Article containing section 148-49.14 reveals that no definition of the term "offense" was provided in that Article. However, our Supreme Court has held that "[a] defendant may be convicted of and sentenced for each specific criminal act which he commits." *State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 441 (1983). "[W]here there are several counts and each count is for a distinct offense, a general verdict of guilty will authorize the imposition of a judgment on each count." *State v. Austin*, 241 N.C. 548, 549, 85 S.E.2d 924, 926 (1955). We find that the plain language of the statute is "clear and unambiguous," as it refers to an offense in the singular, that is a specific criminal act, thus permitting the trial court to sentence a defendant to a maximum of twenty years for each specific criminal act of which a defendant is convicted. *See Carr*, 145 N.C. App. at 343, 549 S.E.2d at 902. We further note that section 148-49.14 did not preclude the imposition of consecutive sentences and defendant cites no precedent to the contrary.

Defendant contends, however, that such a reading of the plain language violates the intent of the statute. The purposes and intent of N.C. Gen. Stat. § 148-49, Article 3B were stated in N.C. Gen. Stat. § 148-49.10 (repealed 1993):

> The purposes of this Article are to improve the chances of correction, rehabilitation, and successful return to the community of youthful offenders sentenced to imprisonment by preventing, as far as practicable, their association during their terms of imprisonment with older and more experienced criminals, and by closer coordination of the activities of sentencing, training in custody, parole, and final discharge. It is the intent of this Article to provide the courts with an additional sentencing possibility to be used in the court's discretion for correctional punishment and treatment in cases, where in the opinion of the court, a youthful offender requires a period of imprisonment, but no longer than necessary for the Parole Commission to determine that the offender is suitable for a return to freedom and is ready for a period of supervised freedom as a step toward unconditional discharge and restoration of the rights to citizenship.

*Id.* Defendant contends that the imposition of multiple sentences, the total of which would exceed twenty years, is irreconcilable with the stated purpose of the Article.

As discussed in *State v. Niccum*, 293 N.C. 276, 238 S.E.2d 141 (1977), our Supreme Court stated that the purposes of the Article governing committed youthful offenders were

> to improve the chances of rehabilitating youthful offenders: (1) by segregating them, as far as practicable, from older and more experienced criminals; and (2) by providing the court with "an additional sentencing possibility" to be used for correctional punishment and treatment in cases where, in its opinion, a youthful offender required imprisonment only for the time necessary for the Board of Paroles to determine his suitability for a return to supervised freedom.

*Niccum*, 293 N.C. at 280, 238 S.E.2d at 144. As *Niccum* noted, the "Board of Paroles was authorized to release a committed youthful offender under supervision at any time after reasonable notice to the Commissioner." *Id.* at 281, 238 S.E.2d at 145. Thus, the Act's alternative sentencing method provided increased flexibility to permit a *case-by-case determination of the progress towards correction, rehabilitation, and successful return to the community* of youthful offenders. Such a purpose is not irreconcilable with the imposition of multiple sentences under section 148-49.14. Rather it reflects the discretionary nature of the statute; recognizing the gravity of the offense by permitting a sentence of up to twenty years for each offense, while still providing the possibility of early parole for youthful offenders who made successful progress and were determined suitable for a *return to supervised freedom.*

We finally note that although defendant contends federal case law concerning the Federal Youth Corrections Act should be persuasive to this Court, *see State v. Mitchell*, 24 N.C. App. 484, 211 S.E.2d 645 (1975) (comparing N.C. Gen. Stat. § 148-49, Article 3A (repealed 1977) with the Federal Youth Corrections Act of 1950), a review of the sentencing requirements of the federal statute, 18 U.S.C. §§ 5005-5023 (repealed 1984) with N.C. Gen. Stat. § 148-49, Article 3B, as modified and amended in 1977, reveals substantial differences in the substance of those statutes. We therefore decline to consider federal case law with regards to this matter.

As we conclude that N.C. Gen. Stat. § 148-49.14 does not prohibit the imposition of separate consecutive sentences which do not exceed twenty years respectively, we find the trial court properly denied defendant's motion for appropriate relief.

Affirmed.

Judges McCULLOUGH and LEVINSON concur.