21127

Bernard BING, a/k/a Askia Raghib Salaam, Appellant, v. J. L.
HARVEY (Warden) and The State of South Carolina, Respond-
ents.

(262 S. E. (2d) 42)

*James D. Bailey,* Aiken, *for appellant.*

*Atty. Gen. Daniel R. McLeod,* and *Asst. Atty. Gen. William K. Moore,* Columbia, *for respondents.*

January 17, 1980.

*Per Curiam:*

Appellant escaped from the lawful pretrial custody of the Aiken County Sheriff. Some months later, appellant was apprehended in Pennsylvania. Upon return to South Carolina, appellant was convicted of escape from the Public Works and sentenced to three (3) years imprisonment.

On application for Post-Conviction Relief, the parties stipulated, and the hearing court found, the statutory offense of escape, 1976 S. C. Code § 24-13-410, does not apply to escape from pretrial detention. The hearing court denied relief, however, on the ground that appellant committed the common law crime of escape. We hold appellant was properly tried, convicted and sentenced pursuant to the staute and affirm the denial of Post-Conviction Relief.

The elements of escape as defined by statute, are set forth in 1976 S. C. Code § 24-13-410:

It shall be unlawful for any person, being lawfully confined in any prison or upon the public works of any county or while in the custody of any superintendent, guard or officer, to escape, to attempt to escape or to have in his possession tools or weapons which may be used to facilitate an escape,

and any person so doing or so possessing such tools or weapons shall be guilty of a misdeameanor . . . .

There is no question in the present case that appellant was "being lawfully confined" at the time of his escape. Clearly, the statute requires no more than lawful confinement. *See Copeland v. Manning*, 234 S. C. 510, 109 S. E. (2d) 361 (1959) (escape from detention while awaiting resentencing violates the statute).

In finding Section 24-13-410 (1976) inapplicable to escape from pretrial custody, the hearing court apparently misconstrued the "original sentence" language of the statute.[1] This language, distinct from the definition of the offense, merely establishes certain limitations on punishment where a violator is subject to a pre-existing court sentence. Where one convicted of escape is subject to no prior sentence, these special provisions do not apply and the violator shall be subject to a maximum term of two years if apprehended in this State or three years if recaptured out of state.

We hold appellant's escape from lawful pretrial custody violated the statutory offense of escape, 1976 S. C. Code § 24-13-410. Appellant's subsequent recapture out of state authorized the trial judge to impose the maximum sentence of three years. For these reasons the denial of appellant's application for Post-Conviction Relief is affirmed.

---

[1] The statute provides one convicted of escape shall be punished by: . . .sentence of not less than six months nor more than two years, such sentence to be consecutive to the original sentence and to any other sentence theretofore imposed upon such escapee by any court of this State. But when the original sentence was one year or less the sentence to be imposed in addition to any remaining unserved portion of the original sentence shall not be longer than the original sentence. *Provided, however,* that should the escapee be recaptured elsewhere than in this State the sentence to be imposed in addition to any remaining unserved portion of the original sentence shall be not less than one year nor more than three years, such sentence to be consecutive to any other sentence theretofore imposed upon such escapee by any court of this State.