STATE OF NEBRASKA, APPELLANT, V.
JIMMY L. PARMER, APPELLEE.

313 N.W.2d 237

Filed December 4, 1981.   No. 43956.

Dennis D. King and Terrance O. Waite of the Office of Sheridan County Attorney for appellant.

Michael T. Varn for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

This is an appeal by the State of Nebraska from a District Court order dismissing an information charging the defendant, Jimmy L. Parmer, with a violation of Neb. Rev. Stat. § 28-805(1)(a) (Reissue 1979).

The information charged that Parmer debauched and depraved the morals of a boy under the age of 17 years by lewdly inducing the boy to carnally know Parmer. The Sheridan County District Court in its order dismissing the information "found that an offense under NEB. REV. STAT. Sec. 28-805 (a) required the participation of three separate persons, to-wit: a minor child under the age of seventeen years, a person [not a minor child] who procures or lewdly induces that minor child, and the person that the minor child carnally knows as a result of the lewd inducement." The court also found that only the person who procures or lewdly induces a minor child may be punished under § 28-805(a) and "that the person that the minor child carnally knows cannot be convicted under that statute." We reverse.

In construing this statute, we are reminded that "'A statute is not to be read as if open to construction as a matter of course. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain the meaning. In the absence of anything to indicate the contrary, words must be given their ordinary meaning. It is not within the province of a court to read a meaning into a statute that is not warranted by the legislative language. Neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute.'" *O'Neill*

*Production Credit Assn. v. Schnoor,* 208 Neb. 105, 108, 302 N.W.2d 376, 378 (1981); *Ragland v. Norris P.P. Dist.,* 208 Neb. 492, 304 N.W.2d 55 (1981).

Section 28-805(1)(a) reads: "Any person not a minor commits the offense of debauching a minor if he or she shall debauch or deprave the morals of any boy or girl under the age of seventeen years by: (a) Lewdly inducing such boy or girl carnally to know any other person . . . ."

The words "any other person" are open to two reasonable constructions. The first is that "any other person" refers only to the person that is lewdly inducing the boy or girl. Under this construction, the person that lewdly induces the boy or girl would not violate the statute if he or she was also the person carnally known by the boy or girl. The only time the inducer would violate the statute under this construction is when the person carnally known by the minor boy or girl is a third person. This was the construction given to the statute by the District Court.

The second possible construction is that the words "any other person" could mean any person other than the minor boy or girl. This construction would make it unlawful for a person, not a minor, to lewdly induce a boy or girl under the age of 17 years to carnally know (1) the person that is lewdly inducing the minor boy or girl, or (2) any person other than the boy or girl that is being lewdly induced.

A penal statute is required to be strictly construed and should be given a sensible construction. *State v. Robinson,* 202 Neb. 210, 274 N.W.2d 553 (1979). A statute should be construed in the context of the object sought to be accomplished, the evils and mischiefs that are sought to be remedied, and the purpose for which it serves. *State v. Lewis,* 184 Neb. 111, 165 N.W.2d 569 (1969).

When the language used in a statute is ambiguous and it becomes necessary to construe it, the principal objective is to determine the intent of the Legislature

and to give it effect. *PPG Industries Canada Ltd. v. Kreuscher*, 204 Neb. 220, 281 N.W.2d 762 (1979).

The legislative intention is to be determined from the statute taken as a whole, and the courts may properly consider the history of its passage. *Pettigrew v. Home Ins. Co.*, 191 Neb. 312, 214 N.W.2d 920 (1974); *PPG Industries Canada Ltd. v. Kreuscher, supra.*

Nebraska has had a statute prohibiting debauchery of a minor since 1921. From 1921 to 1951, it was unlawful for anyone to debauch or deprave the morals of a boy under the age of 21 years by lewdly inducing the boy to carnally know any female person. 1921 Neb. Laws, Ch. 244, § 1, p. 849; Comp. Stat. § 9787 (1922); Comp. Stat. § 28-930 (1929); Neb. Rev. Stat. § 28-929 (1943). In 1951 the debauchery statute was amended to read: "Whoever shall debauch the person or deprave the morals of any boy or girl under the age of twenty-one years, (1) either by lewdly inducing such boy carnally to know any female person, or lewdly inducing such girl carnally to know any male person . . . ." 1951 Neb. Laws, Ch. 82, § 1, p. 244.

The statute prohibited sexual conduct involving persons of opposite sexes. It did not specifically prohibit sexual conduct between members of the same sex.

The debauchery statute remained substantially unchanged until 1977. In 1977 there was a complete revision of the Nebraska Criminal Code. As a result, 1977 Neb. Laws, L.B. 38, was passed. Since no history can be found showing the Legislature's reasons for the changes in the debauchery statute, we must attempt to determine what conduct the Legislature sought to prohibit and interpret the language of this statute so as to give effect to the Legislature's intention.

The language of the statute no longer specifies that the victim and the person carnally known must be of the opposite sex. It is therefore logical to infer that the Legislature intended the new statute to protect minor children from being lewdly induced to carnally know persons of either sex.

Viewed in this fashion, the language used accomplishes that purpose. While the logical and grammatical construction of "any other person" would suggest three persons are required, we prefer a construction that gives effect to a more likely intention, that is, the prohibition of solicitation by adults of minor children for homosexual purposes. We therefore construe "any other person" to mean any person other than the victim.

REVERSED.

CLINTON, J., dissenting.

I dissent for the reason that this court is not free to rewrite a statute defining a crime. In this case the statute in question is not ambiguous and needs no interpretation. It reads: "Any person not a minor commits the offense of debauching a minor if he or she shall debauch or deprave the morals of any boy or girl under the age of seventeen years by:

"(a) Lewdly inducing such boy or girl carnally to know any other person . . . ." Neb. Rev. Stat. § 28-805 (Reissue 1979).

The plain meaning of the foregoing language, determined from the words and sentence structure, is that the term "other person" refers to a person other than the two described in the statute, i.e., other than the victim and other than the person who induces. The majority opinion suggests another "reasonable" meaning, and we quote from the opinion: "The second possible construction is that the words 'any other person' could mean any person other than the minor boy or girl. This construction would make it unlawful for a person, not a minor, to lewdly induce a boy or girl under the age of 17 years to carnally know (1) the person that is lewdly inducing the minor boy or girl, or (2) any person other than the boy or girl that is being lewdly induced." The words in the quoted paragraph, "any person other than the boy or girl that is being lewdly induced," demonstrate the incongruity of the second

"reasonable construction." One cannot carnally know one's self.

The information charged the defendant Parmer in the following language: "JIMMY L. PARMER late of the county aforesaid, did, on or about the first day of March A.D. 1980, in the County of Sheridan and State of Nebraska aforesaid, being a person over the age of majority, did then and there debauch or deprave the morals of a boy under the age of seventeen years, Donald Spencer (Jay) Little, by lewdly inducing Donald Spencer (Jay) Little to carnally know another person, to wit: Jimmy L. Parmer." The record shows that the defendant Parmer was originally charged with first degree sexual assault, which is defined by statute as follows: "Any person who subjects another person to sexual penetration and (a) overcomes the victim by force, threat of force, express or implied, coercion, or deception, (b) knew or should have known that the victim was mentally or physically incapable of resisting or appraising the nature of his or her conduct, or (c) the actor is nineteen years of age or older and the victim is less than sixteen years of age is guilty of sexual assault in the first degree." Neb. Rev. Stat. § 28-319(1) (Reissue 1979).

Reading between the lines in this case, it would appear that the act between the parties was consensual and, because of the "victim's" age, the first degree charge would not stand.

In the State of Nebraska no act is a crime except if it be made so by the Legislature. This has been the law from the time of the adoption of our Constitution up to the present time, and this court has repeatedly so held.

It appears from the statutes we have referred to that the Legislature determined that consensual sodomy (or other sexual intercourse) with a person 16 years of age or older would not be a crime. § 28-319. I may not agree with that legislative judgment, but that is for the Legislature and not for this court to make.

Section 28-318(5) defines the pertinent term as

follows: "Sexual penetration shall mean *sexual intercourse in its ordinary meaning*, cunnilingus, fellatio, anal intercourse, or any intrusion, however slight, of any part of the actor's body or any object manipulated by the actor into the genital or anal openings of the victim's body which can be reasonably construed as being for nonmedical or nonhealth purposes. Sexual penetration shall not require emission of semen . . . ." (Emphasis supplied.) Would this court react in the same way if the act involved male and female and was fornication and not sodomy? Logically, it would have to in the light of the definition of sexual penetration.