REQUESTED BY: Senator Harold F. Sieck Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Sieck:
You have requested an opinion from our office regarding whether a project involving the construction of an egg production facility would fall within the definition of agriculture or agricultural enterprise under the Nebraska Investment Finance Authority Act. The specific project which you have described for us involves the construction of two egg laying buildings, collection, packaging and cooling buildings, and a building in which chicken manure will be subjected to composting. The facility will house approximately 180,000 laying hens. The hens will not be owned by the enterprise, but will be fed on a contract basis.
Initially, while your question does not raise the issue, we note that the provisions of Article XII, Section 8
of the Nebraska Constitution, which prohibits any corporation or syndicate from obtaining title to or acquiring any interest in real estate used for farming or ranching in this state, could apply to bar the entity described in your letter from acquiring an interest in the land necessary to engage in this operation. We have inquired into the organizational status of the entity behind this project, however, and have determined that its certificate reveals it is organized as a general partnership, to which the provisions of Article XII, Section 8 of the Nebraska Constitution would not apply. We therefore express no opinion as to whether a project of this nature would fall within the prohibitions of this constitutional provision if it were organized as a corporation or syndicate as defined in Article XII, Section 8.
The Nebraska Investment Finance Authority Act is contained in Neb.Rev.Stat. §§ 58-201 to 58-272 (Supp. 1983) (the Act). The purpose of the Act, which was passed by the Legislature in 1983, was to establish a quasi-governmental body to encourage private investment and provide public funds to finance investments in three general areas: Housing, Agriculture, and Business or Industrial Activities. Neb.Rev.Stat. § 58-203 (Supp. 1983). To accomplish this goal, three entities, the Nebraska Mortgage Finance Fund, the Nebraska Development Fund, and the Agricultural Development Corporation, were consolidated into a single body, the Nebraska Investment Finance Authority. Neb.Rev.Stat. 58-205
(Supp. 1983).
The definition of agriculture or agricultural enterprise is found in § 58-208 of the Act, which provides:
 Agriculture or agricultural enterprise shall mean and include the real and personal property constituting farms and ranches.
Section 58-219, which defines what types of projects fall within the Act's coverage, provides, in pertinent part:
Project shall mean one or more of the following: . . .
(2) Agriculture or agricultural enterprise; and
 (3) Any land, building, or other improvement, any real or personal property, or any equipment, and any undivided or other interest in any of the foregoing, whether or not in existence, suitable or used for or in connection with any of the following revenue-producing enterprises or two or more such enterprises engaged or to be engaged in:
 (a) In all areas of the state, manufacturing or industrial enterprises including assembling, fabricating, mixing, processing, warehousing, distributing, or transporting any products of agriculture, . . . .
The final sentence of subsection (3) of § 58-219 further provides that:
 Nothing in subdivision (3) of this section shall be construed to include any rental or residential housing, residential energy conservation device, or agriculture or agricultural enterprise.
The clear intent of the language found in the last sentence of subsection (3) of § 58-219 is to separate the classification of the three categories listed, including agriculture or agricultural enterprises, from the provisions relating to business or industrial projects. LB 626 (1983), Transcript of Floor Debates, May 18, 1983, pp. 5489-90 (statement of Senator Beutler). The question you have raised thus turns on whether the particular project you have described, which was approved under the industrial or commercial provisions of the Act, in reality should have been classified as an agricultural enterprise.
`One of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent and to give effect to that intent.' Spence v. Terry,215 Neb. 810, 340 N.W.2d 884 (1983). `The legislative intention is to be determined from the statute taken as a whole, and the courts may properly consider the history of its passage.'State v. Parmer, 210 Neb. 92, 313 N.W.2d 237
(1981).
As was noted, the definition of agriculture or agricultural enterprise in § 58-208 provides these terms `shall mean and include the real and personal property constituting farms and ranches.' In construing the Act as a whole, it is evident the Legislature intended the provisions relating to financial assistance for agriculture or agricultural enterprises to apply only to the so-called `family farm.' Section58-203(1)(b) provides one of the purposes of the Act is to `Encourage the investment of private capital to provide financing to farmers and other agricultural enterprises of usual and customary size. . . .' (Emphasis added). Furthermore, a review of the legislative history behind the original creation of the Agricultural Development Corporation reveals the intent of this legislation was to provide a means of obtaining financing to preserve the family farm. LB 384 (1981), Transcript of Agriculture Committee Hearings, February 27, 1981, p. 2 (statement of Senator DeCamp).
Analyzing the particular project which you have described to us in your letter, it is apparent that this egg production facility cannot be characterized as resembling a family farm or farming or ranching operation of `usual and customary size.' This project involves construction of an extensive facility which will include buildings for egg laying, collection, packaging, and cooling. In addition, a building in which chicken manure will be subjected to composting will be constructed. Given the extensive nature of this facility, and the various processes which it will undertake to perform, we believe it properly qualifies under § 58-219(3)(a) as an industrial enterprise engaged in the assembling, processing, and warehousing of `any products of agriculture.'
Based on the foregoing analysis, it is our opinion that this egg production facility may properly be included as a commercial or industrial project under the present provisions of the Nebraska Investment Finance Authority Act. We wish to point out that our opinion is based upon the particular characteristics you have presented to us in describing this project, and is limited to a determination that this facility, as described, can be classified as a commercial or industrial project under the present definitions contained in the Nebraska Investment Finance Authority Act.
Very truly yours, PAUL L. DOUGLAS Attorney General L. Jay Bartel Assistant Attorney General