STATE OF NEBRASKA, APPELLEE, V. LANNY HICKS, APPELLANT.

404 N.W.2d 923

Filed May 1, 1987.   No. 86-601.

Thomas J. Garvey, Sarpy County Public Defender, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant, Lanny Hicks, appeals from his conviction and sentence for escape in violation of Neb. Rev. Stat. § 28-912(1) (Reissue 1985).

The defendant and his wife, Shirley, were divorced on September 27, 1985. On November 10, 1985, the defendant came to Shirley's home in LaVista, Nebraska, stating that he wanted something to eat. When she refused to tell him where

she had been the night before, he held a knife to her face. When he came to her home again that evening, she called the police. When the police arrived, he left by the front door.

Officer David Gran was the first policeman to arrive at the scene. As he drove up behind an older-model Chevrolet which was blocking Shirley Hicks' driveway, he observed the defendant leave the home. The defendant hurried across the yard to the Chevrolet. When the defendant got to the vehicle, Officer Gran, over his public address speaker, ordered the defendant to stop. According to Gran he stated something to the effect of "Halt. Police. I want to talk to you." The defendant entered the car and drove away.

Officer Gran pursued the defendant in his cruiser with the lights and siren activated for several miles and through several stop signs before Gran was instructed to terminate the chase because of bad driving conditions. The defendant was arrested, pursuant to a warrant, approximately 1 week later.

The defendant was charged with unlawfully removing himself from official detention. The jury returned a verdict of guilty, and the defendant was sentenced to imprisonment for 20 months to 5 years.

On appeal the defendant has assigned three errors: (1) The trial court erred in overruling his motion to quash the information as unconstitutionally vague and in overruling his motion to dismiss at the end of the State's case; (2) the court erred in not accepting his proposed instruction which more clearly expresses Nebraska law; and (3) the sentence was excessive.

The only issue we address is the assignment of error concerning the defendant's motion to dismiss.

The relevant portion of the escape statute provides:

> A person commits escape if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period. Official detention shall mean arrest, detention in or transportation to any facility for custody of persons under charge or conviction of crime or contempt or for persons alleged or found to be delinquent, detention for extradition or deportation, *or any other*

*detention for law enforcement purposes*; but official detention does not include supervision of probation or parole or constraint incidental to release on bail.

(Emphasis supplied.) Neb. Rev. Stat. § 28-912(1) (Reissue 1985).

The parties' arguments focus on the meaning of the language emphasized above, "any other detention for law enforcement purposes," and whether there was evidence to show that the defendant was so detained.

In *State v. Parmer*, 210 Neb. 92, 94, 313 N.W.2d 237, 239 (1981), we set out rules of statutory construction which are relevant here.

A penal statute is required to be strictly construed and should be given a sensible construction. [Citation omitted.] A statute should be construed in the context of the object sought to be accomplished, the evils and mischiefs that are sought to be remedied, and the purpose for which it serves. [Citation omitted.]

In *State v. Schlothauer*, 206 Neb. 670, 294 N.W.2d 382 (1980), *supp. op.* 207 Neb. 663, 300 N.W.2d 194 (1981), a case involving the application of § 28-912(1), we noted that legal custody had been an essential element of the crime of escape from legal custody under the predecessor escape statute, Neb. Rev. Stat. § 28-736 (Reissue 1975). Schlothauer had been charged with unlawful removal from official detention after arrest on a felony charge. At issue was whether the defendant had been lawfully arrested at the time of his escape. In deciding the issue, we stated, "If there was no legal arrest, defendant was not in 'official detention' within the meaning of the escape statute so that he could not be convicted of the crime of escape." 206 Neb. at 674, 294 N.W.2d at 384.

The language in § 28-912(1) is essentially the same as that found in the escape provision of the Model Penal Code. Model Penal Code and Commentaries § 242.6(1) (1980). The Comments to that section state:

It seems plain that the offense of escape should be extended to delinquency, extradition, and deportation proceedings and that the process from arrest through conviction and service of an institutional sentence should be included. The phrase "any other detention for law

enforcement purposes" is meant to take account of the diversity of institutional facilities employed in modern penology.

Model Penal Code and Commentaries, *supra* at 264.

Regarding the distinction between the offenses of resisting arrest and escape, the Comments also state:

Occasionally, circumstances may blur the difference between flight from arrest and escape from official detention once arrest is effected, but the distinction is essential to recognition of the separate policy considerations governing escape and resisting arrest. *Generally, the escape provision becomes relevant only after the arresting officer has successfully taken the arrestee into custody.*

(Emphasis supplied.) *Id.*, § 242.2 at 215.

At another point, the Comments state that nonviolent refusal to submit to arrest and other minor forms of resistance, such as running from a police officer, are not criminal under any provision of the Model Penal Code.

This court's interpretation of the statute in *Schlothauer, supra*, is that some degree of custody is essential before one can be considered to be in official detention. The A.L.I. commentary provides that the "any other detention for law enforcement purposes" language does not refer to anything less than custody, but is intended to cover cases where one is incarcerated for law enforcement purposes in a facility not traditionally used to house criminal offenders or those charged with a crime.

At common law a person could escape only if he was in custody. "He comes into custody at the time he is arrested. If, as a result of successfully resisting arrest, he is never taken into custody, he cannot be guilty of escape." 4 C. Torcia, Wharton's Criminal Law § 664 at 431 (14th ed. 1981).

The State argues that the standard by which the jury was to determine whether an official detention or arrest occurred in this case was whether "in view of all the circumstances surrounding the encounter with the officers, a reasonable person believes he is not free to leave." Brief for Appellee at 6. That language appears in *State v. Longa*, 211 Neb. 356, 318 N.W.2d 733 (1982), in a quotation from *United States v.*

*Mendenhall*, 446 U.S. 544, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980), and refers to when a seizure occurs for fourth amendment purposes.

In *State v. White*, 209 Neb. 218, 306 N.W.2d 906 (1981), this court required a substantially different showing in order to prove that an arrest had occurred prior to the defendant's alleged escape in violation of § 28-912. In *White*, the defendant was charged with unlawfully removing himself from official detention while under arrest for a felony. The issue was whether the defendant was under arrest where the evidence showed that he had been told of his arrest and would have to go to police headquarters. The arresting officer was within an arm's length of the defendant when the officer turned his back to make a radio transmission. The defendant struck the officer and fled.

In determining that the defendant in *White* had been under arrest, the court noted that "one of the elements necessary to effectuate an arrest is 'actual or constructive seizure or detention of the person.' " *White, supra* at 224, 306 N.W.2d at 911. The court then went on to say:

> We hold that constructive, as distinguished from physical, restraint sufficient to constitute a constructive seizure or detention of an arrestee exists where an officer has the intention to effect an arrest, that intention has in some way been communicated to the arrestee, the arrestee understands that he is under legal restraint, and the officer has the apparent present power to control the person even though he has not yet asserted physical control.

*Id.*

The evidence in this case failed to establish that the defendant was in official detention. The evidence shows the defendant was not under arrest when he drove away from Officer Gran. There was no intent by the officer to effect an arrest at that point, no communication to the defendant of such an intent, and no apparent present power by the officer to control the defendant. The motion to dismiss should have been sustained.

The judgment is reversed and the cause remanded with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.