1925

The STATE, Respondent v. Richard C. WALKER, Appellant.

(426 S.E. (2d) 337)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling, of South Carolina Office of Appellate Defense,* and *Asst. Public Defender Glenn Walters,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr., Miller W. Shealy, Jr.* and *Sol. Richard A. Harpootlian,* Columbia, *for respondent.*

Heard Nov. 9, 1992.

Decided Dec. 14, 1992.

BELL, Judge:

Richard C. Walker was indicted for escape. A jury found him guilty. He appeals his conviction on the single ground that the court erred in denying his motion for a directed verdict of acquittal because the State's evidence was not sufficient to sustain a finding of guilt on the offense charged. We affirm.

The facts are straightforward. Two deputy sheriffs working as narcotics agents for the Richland County Sheriff's Department arrested Walker on a charge of possession of crack cocaine with intent to distribute. Walker does not challenge the lawfulness of the arrest. After placing Walker under arrest, the agents handcuffed him and placed him in the back seat of their police vehicle. As the agents continued to patrol the area, they observed other persons whom they suspected of criminal activity. They got out of the police vehicle and gave chase to these other suspects on foot. Walker was left in the vehicle alone and unguarded. Still handcuffed, he got out of the vehicle and was running away from the scene, when one of the agents saw him fleeing. The agent ran after Walker, captured him and placed him back in the vehicle. The agents later took him to a detention facility. A grand jury afterwards indicted him for escape from the lawful custody of deputies of the Richland County Sheriff's Department "[a]gainst the peace and dignity of the State, and contrary to the statute in such case made and provided."

On the cover of the indictment, but not in the body, was typed: "S.C. Code § 24-13-410." That section provides, in pertinent part:

It shall be unlawful for any person, being lawfully confined in any prison or upon public works of any county or while in the custody of any superintendent, guard or officer to escape. . . .

Walker argues that the State did not prove the offense charged against him because he was neither confined in prison or upon the public works nor was he in the custody of a prison superintendent, guard, or officer.

We need not reach the question of whether the State proved the statutory offense.[1] The phrase "[a]gainst the peace and dignity of the State" in Walker's indictment charges an offense at common law. *See State v. Plath*, 277 S.C. 126, 284 S.E. (2d) 221 (1981), *cert. denied*, 467 U.S. 1265, 104 S.Ct. 3560, 82 L.Ed. (2d) 862 (1984).[2] Thus, the indictment charged Walker with common-law escape as well as a violation of the statute.

At common law, a person who has been arrested and, without the use of force, seeks to gain his liberty before he is delivered by due course of the law is guilty of escape. *See Gaskill v. State*, 51 Del. 107, 138 A. (2d) 500 (Super. Ct. 1958); *Smith v. State*, 145 Me. 313, 75 A. (2d) 538 (1950); *State v. Jones*, 266 Minn. 526, 124 N.W. (2d) 729 (1963); *State v. Hicks*, 225 Neb. 322, 404 N.W. (2d) 923 (1987); 2 Archbold, CRIMINAL PROCEDURE, PLEADING AND EVIDENCE IN INDICTABLE CASES, 1074 (1860); 9 HALLSBURY'S LAWS OF ENGLAND, 2d ed., § 590, at 361 (1933); 4 Bl. Comm. 129 (Christian ed. 1800); 2 Hawk P.C., ch. 17, § 5, at 122 (1721). As all persons are bound to submit themselves to lawful arrest and to the judgment of the law and to be ready to be justified by it, those who decline to undergo legal confinement when arrested and without force flee from lawful custody before they are confined to jail, commit the crime of escape. *See* 2 Archbold, at 1074; 2 Hawk P.C., at 122; *State v. Hicks*, 225 Neb. at 323-24, 404 N.W. (2d) at 925. Fleeing a police officer after an arrest constitutes the common-law crime of escape and is indictable as such in South Carolina. *See* 1979 S.C. Atty. Gen. Op. No. 3845 at 80.

---

[1] But see Copeland v. Manning, 234 S.C. 510, 109 S.E. (2d) 361 (1959) (statutory escape does not depend on whether defendant is ultimately found guilty of underlying offense, but upon whether he was lawfully confined at time of his escape); Bing v. Harvey, 274 S.C. 216, 262 S.E. (2d) 42 (1980) (escape from pretrial detention violates the statute which requires no more than lawful confinement).

[2] The phrase can be traced to the medieval common law of England in which indictable offenses less than felony were found and tried upon the allegation "contra pacem regis" (against the peace of the king). Early in the sixteenth century, the word "misdemeanour" came to distinguish the indictable (*i.e.*, criminal) trespass from the actionable (*i.e.*, civil) trespass. *See* T. Plucknett, A CONCISE HISTORY OF THE COMMON LAW, 5th ed., 93, 458-459 (1956).

In this case, the judge charged the jury that it is a crime to escape from lawful custody prior to trial. Walker did not object to this charge. The State's evidence tended to show that Walker was in lawful custody pursuant to an arrest upon probable cause and that without the use of force he gained his liberty by fleeing from the police vehicle in which he was being transported to jail. This evidence was sufficient to send the case to the jury on the offense of common-law escape charged in the indictment. Accordingly, the court did not err in refusing Walker's motion for a directed verdict of acquittal. *See State v. Mathis*, 287 S.C. 589, 340 S.E. (2d) 538 (1986) (motion for directed verdict of acquittal must be refused and case sent to jury if there is any evidence reasonably tending to prove the guilt of the accused).

Affirmed.

SHAW and CURETON, JJ., concur.