REQUESTED BY: Ellen L. Totzke, Hall County Attorney
You asked three questions in your letter of December 9, 1996, regarding the authority of a county sheriff to contract with a private transport company; the status of a prisoner who flees from the private transport company, regarding criminal prosecution for escape; and the potential liability of the county for injuries caused by a prisoner who is transported by a private company. We are authorized to respond only to your second question, and we conclude that a prisoner who flees from the custody of a private transport company would be subject to prosecution for the crime of escape.
Neb. Rev. Stat. § 84-205 (1994) provides that the Attorney General shall "consult with and advise the county attorneys, when requested by them, in all criminal matters andin matters relating to the public revenue". [Emphasis added]. Because your first and third questions do not fall within our statutory authority to advise county attorneys, this opinion addresses only your second question.
Neb. Rev. Stat. § 28-912 (1995) defines the crime of escape:
 (1) A person commits escape if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period. Official detention shall mean arrest, detention in or transportation to any facility for custody of persons under charge or conviction of crime or contempt or for persons alleged to be found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes; but official detention does not include supervision of probation or parole or constraint incidental to release on bail.
. . .
 (3) Irregularity in bringing about or maintaining detention, or lack of jurisdiction of the committing or detaining authority shall not be a defense to prosecution under this section if the escape is from a prison or other custodial facility or from detention pursuant to commitment by official proceedings. In the case of other detentions, irregularity or lack of jurisdiction shall be a defense only if:
 (a) The escape involved no substantial risk of harm to the person or property of anyone other than the detainee; and
 (b) the detaining authority did not act in good faith under color of law.
The statute defining escape does not require that the individual charged with escape be in the physical custody of law enforcement officers or correctional employees at the time of the escape. Instead it requires that an individual be in "detention for law enforcement purposes", including "transportation". The statute has been interpreted by the Nebraska Supreme Court as requiring only "some degree of custody" which may even be "constructive" rather than "physical restraint." See, e.g.,State v. Hicks, 225 Neb. 322 (1987); State v. Coffman,213 Neb. 560 (1983); State v. White, 209 Neb. 218 (1981); State v.Farr, 209 Neb. 163 (1981). The Supreme Court has noted that § 28-912 must be given "sensible construction . . . to effectuate the object of the legislation" and "construed in the context of the object sought to be accomplished, the evils and mischief sought to be remedied, and the purpose to be served."Farr, 209 Neb. at 166-67.
We therefore conclude that a prisoner who flees from the custody of authorized private transport personnel would be subject to criminal prosecution for escape under § 28-912.
Sincerely,
 DON STENBERG Attorney General
 Laurie Smith Camp Deputy Attorney General
APPROVED:
Don Stenberg
Attorney General