615 S.E.2d 451

**Laurice GARVIN, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

**No. 26005.**

Supreme Court of South Carolina.

Submitted April 20, 2005.
Decided June 27, 2005.

18

Acting Deputy Chief Attorney Wanda P. Hagler, of Columbia, for Petitioner.

Attorney General Henry D. McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Paula S. Magargle, all of Columbia, for Respondent.

Justice BURNETT:

Laurice Garvin (Petitioner) pled guilty in 1999 and was sentenced as follows: seven years concurrent for resisting arrest; five years concurrent for grand larceny; three years concurrent for breaking into a motor vehicle; and fifteen years consecutive for escape, suspended on the service of eight years plus five years probation.

Petitioner filed a post-conviction (PCR) application, which was denied after a hearing. The plea judge properly interpreted the escape statute, S.C.Code Ann. § 24–13–410 (Supp. 2004), and correctly imposed a mandatory consecutive sentence. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

Petitioner escaped from the Barnwell County jail while he was incarcerated as a pretrial detainee. Petitioner jumped from a window and over a gate and was later captured in Florida.

The plea judge, assistant solicitor, and Petitioner's plea counsel discussed whether the judge was *required* by S.C.Code Ann. § 24–13–410 (Supp.2004) to impose a *consecutive* sentence on the escape conviction. The judge and attorneys ultimately agreed a consecutive sentence was mandatory

even though Petitioner was a pretrial detainee who was not presently serving a prison sentence at the time of the escape. Consequently, Petitioner's plea attorney did not object to the imposition of a consecutive sentence.

Petitioner's primary contention in his PCR application and at the hearing was that plea counsel was ineffective in failing to assert that he should not face a *mandatory, consecutive* sentence for escape because he was a pretrial detainee at the time of his escape. According to Petitioner, no "original" sentence existed at the time of his escape. Therefore, Petitioner contends the statute did not require a consecutive escape sentence and it should have been imposed concurrently with the other, simultaneously imposed sentences.

## ISSUE

Did the PCR judge correctly interpret the escape statute to mandate the imposition of a consecutive sentence, where the escapee was a pretrial detainee and the escape sentence was made consecutive to other, simultaneously imposed sentences?

## LAW/ANALYSIS

■ Petitioner contends the PCR judge erred in rejecting his argument the consecutive sentence was illegally imposed. Section 24–13–410 provides:

(A) It is unlawful for a person, lawfully confined in prison or upon the public works of a county or while in the custody of a superintendent, guard, or officer, to escape, to attempt to escape, or to have in his possession tools or weapons which may be used to facilitate an escape.

(B) A person who violates this section is guilty of a felony and, upon conviction, must be imprisoned not less than one year nor more than fifteen years.

(C) The term of imprisonment is consecutive to the *original sentence* and to other sentences previously imposed upon the escapee by a court of this State.

(emphasis added).

■ In order to establish a claim of ineffective assistance of counsel, a PCR applicant must prove counsel's performance

was deficient and the deficient performance prejudiced the applicant's case. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Cherry v. State*, 300 S.C. 115, 386 S.E.2d 624 (1989). Where there has been a guilty plea, the applicant must prove counsel's representation fell below the standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Alexander v. State*, 303 S.C. 539, 402 S.E.2d 484 (1991). In determining guilty plea issues, it is proper to consider the guilty plea transcript as well as evidence at the PCR hearing. *Harres v. Leeke*, 282 S.C. 131, 318 S.E.2d 360 (1984).

The Court will uphold the findings of the PCR judge when there is any evidence of probative value to support them. *Caprood v. State*, 338 S.C. 103, 525 S.E.2d 514 (2000); *Cherry v. State, supra.* The Court will not uphold the findings when there is no probative evidence to support them. *Holland v. State*, 322 S.C. 111, 470 S.E.2d 378 (1996).

However, in a case raising a novel issue of law, the appellate court is free to decide the question of law with no particular deference to the trial court. *Osprey v. Cabana Ltd. Partn.*, 340 S.C. 367, 372, 532 S.E.2d 269, 272 (2000); *I'On v. Town of Mt. Pleasant*, 338 S.C. 406, 411, 526 S.E.2d 716, 718 (2000). The Court will reverse the PCR judge's decision when it is controlled by an error of law. *Sheppard v. State*, 357 S.C. 646, 594 S.E.2d 462, 465 (2004); *Pierce v. State*, 338 S.C. 139, 145, 526 S.E.2d 222, 225 (2000).

It is undisputed Section 24–13–410 applies in Petitioners case. *See Bing v. Harvey*, 274 S.C. 216, 262 S.E.2d 42 (1980) (escape from the lawful pretrial custody of a sheriff constitutes a violation of Section 24–13–410); *accord Edget v. State*, 791 So.2d 311 (Miss.App.2001) (escape statute applies to pretrial detainees). It also is undisputed the statutory language indicates the Legislature intended for any escapee serving a prison sentence to serve additional, consecutive time for an escape conviction.

It is less clear, however, whether the Legislature intended for the requirement of a consecutive sentence contained in

Section 24–13–410(C) to apply to pretrial detainees. Subsection (C) provides that "[t]he term of imprisonment is consecutive to the *original sentence* and to *other sentences previously imposed* upon the escapee by a court of this State" (emphasis added). The Petitioner argues the use of the emphasized terms indicates the subsection may apply only to convicted and sentenced prisoners—not to pretrial detainees. We disagree.

We agree with the interpretation endorsed by the plea and PCR judges, and conclude a mandatory consecutive sentence is required for both escapees serving a prison sentence and escapees who are pretrial detainees. Therefore, the PCR judge correctly denied Petitioners application.

The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *E.g. Mitchell v. Holler*, 311 S.C. 406, 429 S.E.2d 793 (1993). A statute should be given a reasonable and practical construction consistent with the purpose and policy expressed in the statute. *Abell v. Bell*, 229 S.C. 1, 4, 91 S.E.2d 548, 550 (1956).

We conclude the Legislature intended the term "original sentence" to mean the sentence related to the charges from which the detainee attempted to escape, regardless of when the sentencing occurred. In other words, a sentence is still "original" even if a defendant has not been formerly sentenced by the court at the time of his escape. Therefore, the term "original" does not refer to the timing of the sentencing or the status of the defendant. Instead, "original" simply refers to the first sentence arising from the charges on which the defendant is being held at the time he attempts to or effects an escape. This result is consistent with the intent of the Legislature, when our statutory law is considered in its entirety. In designating escape a felony, the Legislature clearly considers escape a serious crime resulting in strict penal consequences.

We also agree with the State that to hold a pre-trial detainee who escapes from jail cannot receive a consecutive sentence for his escape would lead to an absurd result. There would be no additional incentive for a pre-trial detainee not to escape if there could be no further consequences for attempted escape if the defendant were found guilty of the underlying

charge. It would be nonsensical to conclude a convicted defendant who escapes is subject to a mandatory consecutive sentence, but a pre-trial detainee who escapes and is later convicted of the underlying crime is not. That would be so plainly absurd that it could not possibly have been intended by the Legislature. *See Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). In construing the statute as a whole, we escape the absurdity and give efficacy to Legislative intent.

The dissents reliance on *Bing v. Harvey,* 274 S.C. 216, 218, 262 S.E.2d 42, 43 (1980) is unfounded. In *Bing,* the Court addressed whether the previous version of Section 24–13–410 applied at all to pre-trial detainees. The Court held Section 24–13–410 does apply to pre-trial detainees. Whether the sentence for escape was consecutive was not in issue. However, the Courts discussion is instructive. The Court noted the "original sentence" language "distinct from the definition of the offense, merely establishes certain limitations on the punishment where a violator is *subject*[1] to a pre-existing court sentence." (emphasis added). Clearly Petitioner was subject to a sentence. That it has not yet been imposed is not relevant.

For the foregoing reasons, we affirm the denial of post-conviction relief and conclude trial counsel was not ineffective because Section 24–13–410(C) requires a mandatory consecutive sentence when a pre-trial detainee escapes.

**AFFIRMED.**

TOAL, C.J., and MOORE, J., concur.

WALLER, dissenting in a separate opinion in which PLEICONES, J., concurs.

Justice WALLER:

I respectfully dissent. Section 24–13–410(C) requires the imposition of a consecutive sentence only when the person was serving his original or another previously imposed sentence at

---

1. "Subject" is defined as "having a contingent relation to something and usually dependent on such relation for final form, validity, or significance." Webster's Third New International Dictionary 2275 (8th ed.1981).

the time of the escape. In *Bing v. Harvey,* 274 S.C. 216, 218, 262 S.E.2d 42, 43 (1980), the Court held that an escape from lawful pretrial custody constituted the offense of escape under the previous version of § 24–13–410. The Court interpreted the "original sentence" language of the statute and held it "merely establishes certain limitations on punishment where a violator is subject to a pre-existing court sentence. Where one convicted of escape is subject to no prior sentence, these special provisions do not apply." *Id.* Likewise, here, subsection (C) applies only to violators subject to a pre-existing court sentence—not pretrial detainees. Here, petitioner was a pre-trial detainee. Thus, the plea and PCR judges erroneously applied the consecutive sentence requirement of subsection (C). Petitioners plea counsel erred in failing to challenge the plea judges interpretation of the statute and object to the imposition of a mandatory consecutive sentence and, but for the erroneous interpretation of the statute, petitioner would not have pled guilty and accepted a mandatory consecutive sentence on the escape charge. Accordingly, I would reverse the denial of PCR.

PLEICONES, J., concurs.