THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 LaPatrick
 Gibson, Appellant.
 
 
 
 
 

Appeal From Charleston County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2010-UP-295
Submitted May 3, 2010  Filed May 27, 2010    

AFFIRMED

 
 
 
 Appellate Defender Lanelle C. DuRant, of Columbia,
 for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Senior Assistant Attorney General Harold M. Coombs, Jr.,
 all of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for
 Respondent.
 
 
 

PER CURIAM:  LaPatrick
 Gibson appeals his conviction for escape pursuant to section 24-13-410 of the
 South Carolina Code Ann. (2007).  A jury found him guilty of escape, and the
 trial court sentenced him to ten years' imprisonment.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1. As to whether the
 trial court erred in denying Gibson's
 motion for a directed verdict:  S.C. Code Ann. § 24-13-410(A) (2007) ("It is unlawful for a person, lawfully confined
 in prison or upon the public works of a county or while in the custody of a
 superintendent, guard, or officer, to escape, to attempt to escape, or to have
 in his possession tools or weapons which may be used to facilitate an escape."); Bing v. Harvey, 274 S.C. 216, 218, 262 S.E.2d 42, 43 (1980) (holding
 escape from lawful pretrial custody constituted the statutory offense of
 escape); State v. Walker, 311 S.C. 8, 10, 426 S.E.2d 337, 338 (Ct. App.
 1992) ("[T]hose who decline to undergo legal
 confinement when arrested and without force flee from lawful custody before
 they are confined in jail commit the crime of escape.").  
2. As to whether the
 trial court abused its discretion in denying Gibson's request to charge the unlawful
 confinement language of section 24-13-410:  State v. Patterson, 367 S.C.
 219, 235, 625 S.E.2d 239, 247 (Ct. App. 2006) (holding the trial court must
 charge only issues that are supported by evidence).  
AFFIRMED.
HUFF, SHORT, and WILLIAMS,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.