THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Thomas Cheeks, Appellant.
 
 
 

Appeal From Laurens County
J. Mark Hayes, II, Circuit Court Judge

Unpublished Opinion No. 2011-UP-298  
 Submitted June 1, 2011  Filed June 14,
2011

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant,
 of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah R.J. Shupe, all of Columbia;
 and Solicitor Jerry W. Peace, of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Thomas B. Cheeks, Jr. appeals his
 conviction for statutory escape.  On
 appeal, Cheeks contends the
 trial court erred in denying his motion for a directed verdict.  Specifically,
 Cheeks argues the State failed to prove the elements of statutory escape
 because he was in the process of being arrested and not in confinement.  We affirm.[1]
"When ruling on a motion
 for a directed verdict, the trial court is concerned with the existence or
 nonexistence of evidence, not its weight."  State v. Weston, 367
 S.C. 279, 292, 625 S.E.2d 641, 648 (2006).  When reviewing a denial of a
 directed verdict, an appellate court views the evidence and all reasonable
 inferences in the light most favorable to the State.  Id.  If any direct
 evidence or substantial circumstantial evidence reasonably tends to prove the
 guilt of the accused, the appellate court must find the case was properly
 submitted to the jury.  Id. at 292-93, 625 S.E.2d at 648.
Under section 24-13-410 of the South Carolina Code (2007),
 "[i]t is unlawful for a person, lawfully confined in prison or upon the
 public works of a county or while in the custody of a
 superintendent, guard, or officer, to escape . . . ."  (emphasis
 added).  A definition of "custody" is "detention of a person by
 virtue of lawful process or authority."  Black's Law Dictionary 442
 (9th ed. 2009).
In Bing v. Harvey, the
 South Carolina Supreme Court held that an "appellant's escape from lawful
 pretrial custody violated the statutory offense of escape."  274 S.C. 216,
 217-18, 262 S.E.2d 42, 43 (1980) (noting initially that "[a]ppellant
 escaped from the lawful pretrial custody" of the Sherriff and then stating
 that there was "no question" that "appellant was 'being lawfully
 confined' at the time of his escape," the court allowed an inference that
 a person in lawful pretrial custody is lawfully confined).  
The State presented
 sufficient evidence to meet the elements of the escape statute.  Cheeks
 stipulated he was lawfully arrested.  The State produced evidence that an
 officer arrested Cheeks for a traffic violation, handcuffed him, and
 transferred him to another officer's custody.  The second officer
 transported Cheeks to the police department for booking and placement in jail. 
 At the police department, the officer removed Cheeks's handcuffs to complete
 the booking process.  Cheeks ran out the door of the building and was
 apprehended by the officer, after a foot chase, in the field across the
 building.  Viewing the evidence in the light most favorable to the State, the
 evidence supported submitting the case to the jury.
AFFIRMED.
SHORT,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.